IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:05-cr-00196-2 |
| | ) | |
| | ) | JUDGE CAMPBELL |
| DERON ROBINSON | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's motion to suppress. (Doc. No. 196). The Government filed a response (Doc. No. 199) and Defendant filed a reply (Doc. No. 201). Neither party has requested a hearing on the motion, and the Court finds that a hearing is not necessary.

This matter comes before the court on a Petition received from the United States Probation Office alleging violations of conditions of supervised release. (Doc. No. 192). The Government alleges Defendant violated conditions of supervised release by committing another federal, state, or local crime during his term of supervision and possessing a loaded firearm. (*Id*.). The Government and Defendant agree that evidence of the alleged violations was obtained in violation of the Fourth Amendment and would be excluded from a standalone prosecution under *Rodriguez v. United States*, 575 U.S. 348 (2015).

The Sixth Circuit has held the exclusionary rule does not apply in supervised release revocation proceedings. *United States v. Alexander*, No. 97-3089, 1997 WL 592807, at *1 (6th Cir. Sept. 24, 1997). The Supreme Court has not ruled directly on this issue. *See Pennsylvania Board of Probation & Parole v. Scott*, 524 U.S. 357 (1998) (finding the exclusionary rule inapplicable to state parole revocation hearings). However, every circuit court to have considered the issue since *Scott* has concluded that the exclusionary rule does not apply in supervised release

revocation proceedings. *See United States v. Hill*, 946 F.3d 1239, 1241 (11th Cir. 2020); *United States v. Phillips*, 914 F.3d 557, 558 (7th Cir. 2019) ("*Scott* left no room for the application of the exclusionary rule to supervised-release-revocation hearings."); *United States v. Charles*, 531 F.3d 637, 640 (8th Cir. 2008); *United States v. Herbert*, 201 F.3d 1103, 1104 (9th Cir. 2000); *United States v. Armstrong*, 187 F.3d 392, 394 (4th Cir. 1999); *United States v. Montez*, 952 F.2d 854, 857 (5th Cir. 1992).

In *Alexander*, the Sixth Circuit noted one possible exception to this rule in cases where officers were harassing the defendant because of his supervised release status. *Alexander*, 1997 WL 592807, at *1. The *Alexander* court did not describe what constitutes harassment except to state that no evidence of harassment existed in that case. *Id*. The Fifth Circuit and the Eight Circuit have also suggested an exception for harassment, but neither have discussed what constitutes harassment. *See Montez*, 952 F.2d at 857 ("the exclusionary rule, absent a showing of harassment, does not apply to revocation of supervised release hearings" and finding no showing of harassment where a search arguably exceeded the scope of a warrant); *Charles*, 531 F.3d at 640 (noting that with no evidence or allegation of harassment, the exclusionary rule is inapplicable).

Defendant contends there is evidence of harassment in this case that merits application of the exclusionary rule. He cites the fact that the officer decided to initiate the traffic stop because he had a "50/50 shot" of pulling over a criminal and called for backup before addressing the reason for the traffic stop. However, if the possible harassment exception mentioned in *Alexander* is to apply, the harassment must be because of the defendant's supervised release status. The evidence indicates that the officer did not know who the defendant was or that he was on supervised release until after he initiated the traffic stop. The actions taken after the officer knew the Defendant was on supervised release were the officer illegally extending the traffic stop, asking the Defendant to

2

search his car, suggesting that Defendant may be required to consent to a search because of his probationary status, and, of course, the search itself. Defendant concedes the officer was "courteous," but argues that illegally extending the traffic stop was harassment justifying an exception to the prevailing rule that the exclusionary rule does not apply in supervised release revocation hearings.

The Sixth Circuit has not provided guidance as to what would constitute harassing conduct that would justify suppression of evidence in a hearing for revocation of supervised release. However, the Court concludes that if the exclusionary "may" apply when "officers were harassing the defendant because of his supervised release status," the "harassment" must consist of more than the constitutional violation itself. To find otherwise would equate harassment with any unconstitutional search, which was plainly not the *Alexander* Court's intent. Moreover, in *Scott*, the Supreme Court rejected an exception for situations when officers conducting the search know the suspect is under post-release supervision. *Scott*, 524 U.S. at 368 ("We have never suggested that the exclusionary rule must apply in every circumstance in which it might provide marginal deterrence."). In light of the foregoing, the Court finds no harassment in this case that would justify suppressing the evidence at issue.

The consensus of the federal courts, including the Sixth Circuit, is that the exclusionary rule does not apply to hearings on revocation of supervised release, and there is no showing of harassment in this case that would justify a departure from the rule. Accordingly, the Defendant's Motion to Suppress (Doc. No. 196) is **DENIED**.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE